**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SHERRI PALMER,**<br>    Plaintiff,<br><br>vs.<br><br>**PIONEER CREDIT RECOVERY, INC.; and DOES 1 through 10, inclusive,**<br>    Defendant. | **Civil Action No.:**<br><br>**COMPLAINT AND JURY TRIAL DEMANDED** |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Sherri Palmer an individual consumer, against defendant Pioneer Credit Recovery, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') and the General Business Law of the State of New York, NY CLS GBL § 349 (hereinafter "NY CLS GBL § 349"), which prohibit debt collectors from engaging in deceptive acts and practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III.   PARTIES

3. Plaintiff, Sherri Palmer is a consumer, a natural person allegedly obligated to pay any debt, residing in Erie County in the state of New York.

4. Defendant, Pioneer Credit Recovery, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Wyoming County at 26 Edwards Street, Arcade, New York 14009.  The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff sometime prior to March 21st of 2012.

9. Upon information and belief, within one year of the filing of this complaint, Defendant lied to and/or mislead Plaintiff, threatening that it itself would garnish her

wages, when it is believed that only the current creditor could seek to possibly achieve such an outcome.

10. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and/or misleading Plaintiff.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed, amongst other negative emotions.

### V.   FIRST CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated §1692e(10) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated §1692e(2)(B) of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated §1692e(5) of the FDCPA by threatening to take action that it did not intend to take.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Sherri Palmer for actual damages, statutory damages, and costs and attorney fees.

### VI.     SECOND CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY CLS GBL § 349.

17. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY CLS GBL § 349.

18. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. By virtue of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from the unlawful acts and practices. NY CLS GBL § 349(h).

21. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, or fifty dollars ($50.00) whichever is greater together with reasonable attorney fees. NY CLS GBL § 349(h).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against defendant Pioneer Credit Recovery, Inc. for the following:

A. Actual damages, pursuant to the FDCPA, and also pursuant to NY CLS GBL § 349(h).

B. Injunctive relief enjoining Defendant from the unlawful acts and practices pursuant to NY CLS GBL § 349(h).

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

F. For such other and further relief as the Court may deem just and proper.

DATED: September 24, 2012

RESPECTFULLY SUBMITTED,

By: /s/ Stuart M. Price
Stuart M. Price (513461)
Price Law Group, APC
15760 Ventura Boulevard
Suite 1100
Encino, CA 91436
Direct Line:  (818) 907-2030
Toll Free Direct:  (866) 397-2030
Direct Fax:   (818) 205-2730
Email:  tom@plglawfirm.com

*Attorney for Plaintiff,*
*Sherri Palmer*

## *DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Sherri Palmer demands trial by jury in this action.